J-S37014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EFRAIN MIRANDA III | : | |
| | : | |
| Appellant | : | No. 913 EDA 2022 |

Appeal from the Order Entered February 22, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0004165-2011

BEFORE: BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 15, 2022**

Efrain Miranda III appeals from the February 22, 2022 order denying his motion to clarify / correct sentence *nunc pro tunc*. Ultimately, we conclude that this submission constituted a serial petition governed by the Post-Conviction Relief Act ("PCRA") and, consequently, was subject to the timeliness requirements at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Since Appellant's petition was facially untimely by several years and he has not established the applicability of any relevant timeliness exception, we affirm.

The instant case "arises from a lengthy investigation of drug sales in Allentown, Pennsylvania." ***Commonwealth v. Miranda***, 116 A.3d 697 (Pa.Super. 2014) (unpublished memorandum at 1) ("***Miranda I***"). On July 18, 2012, Appellant entered a negotiated guilty plea to ten counts each of possession with intent to deliver a controlled substance ("PWID"), criminal conspiracy to commit PWID, and corrupt organizations. At Appellant's

sentencing on September 6, 2012, the trial court expressed its intent to impose an aggregate sentence of twelve to twenty-nine years of incarceration. *See* N.T. Sentencing, 9/6/12, at 25. The same day, the trial court filed orders that purported to impose the contemplated sentence but, due to the structuring of the various sentences, actually imposed an aggregate sentence of nine to twenty-one years of imprisonment. *See* Sentencing Orders, 9/6/12, at 1-13. Thereafter, the trial court *sua sponte* filed amended sentencing orders on November 28, 2012, and December 27, 2012, respectively. These orders altered the structure of several of Appellant's consecutive terms of imprisonment, which yielded the court's intended aggregate sentence of twelve to twenty-nine years of imprisonment. *See* Amended Sentencing Orders, 11/28/12, at 1-4; Amended Sentencing Orders, 12/27/12, at 1-3.

Appellant did not file a direct appeal and his time in which to do so expired on January 28, 2013.[1] Thereafter, he filed a succession of three unsuccessful PCRA petitions between July 2013 and August 2020. *See* ***Commonwealth v. Miranda***, 266 A.3d 641 (Pa.Super. 2021) (non-precedential decision at 1-5) ("***Miranda III***"); ***Commonwealth v. Miranda***, 201 A.3d 862 (Pa.Super. 2018) (unpublished memorandum at 1-2) ("***Miranda II***"); ***Miranda I***, *supra* at 1-2. The substance of these previous PCRA proceedings is not relevant to the instant controversy.

---

[1] The last day of Appellant's time to file a direct appeal following amendment of his sentence fell on Saturday, January 26, 2013. Pursuant to 1 Pa.C.S. § 1908, it and the next day are properly excluded from this computation.

On February 4, 2022, Appellant submitted a *pro se* filing styled as a "Motion to Clarify/Correct Sentence *Nunc Pro Tunc*," which alleged the trial court had erred by amending its original sentencing orders without providing Appellant with prior notice or an opportunity to be heard pursuant to 42 Pa.C.S. § 5505 ("Modification of orders").[2]  Consequently, Appellant argued the amended orders were legal nullities.  **See** Motion to Clarify, 2/4/22, at 5-6.  Appellant also characterized the amended sentencing orders as "patent errors" and requested the trial court exercise its "inherent authority" under § 5505 to correct it, *i.e.*, vacate the amended orders and remand for resentencing.  **Id**. at 6-8.  Thus, Appellant's petition alleged that the trial court had violated § 5505 and requested further action under § 5505 as a remedy.  No mention of the PCRA or its requirements appears in this filing.

On February 22, 2022, the trial court filed an order denying Appellant's motion on its merits.  Appellant filed a timely *pro se* notice of appeal to this

_____

[2]  This statute provides, in its entirety, as follows:  "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within [thirty] days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."  42 Pa.C.S. § 5505.  Pursuant to § 5505, "a trial court is empowered to modify a sentence only if it notifies the defendant and the district attorney of its intention to do so" and provides an opportunity for response.  **Commonwealth v. Blair**, 230 A.3d 1274, 1277 (Pa.Super. 2020).  A sentence modified without fulfilling these requirements is "without effect."  **Id**.  Furthermore, a trial court "retains the inherent jurisdiction to correct obvious or patent errors in its orders, even if it is outside the standard [thirty]-day paradigm, when warranted."  **Id**.  However, "[e]ven if there is a clear mistake, that does not relieve the court of its obligation to give notice."  **Id**.

Court.[3]  On March 29, 2022, the court directed Appellant to file a concise

statement of errors pursuant to Pa.R.A.P. 1925(b) within twenty-one days.

Appellant filed a timely concise statement.[4]  Thereafter, the trial court filed a

Rule 1925(a) opinion.

Appellant has raised the following issues for our consideration:

I.      Did the [trial court] err as a matter of law by amending
        Appellant's sentence on November 28, 2012[,] and on
        December 27, 2012[,] without notice and without Appellant
        or his attorney present, violating [42 Pa.C.S. § 5505] of the
        Judicial Code and due process?

II.     Did the [trial court] err by failing to *sua sponte* correct a
        patent error in Appellant's sentence?

Appellant's brief at 2.  Although stated as different questions and addressed

separately in Appellant's brief, we discern that Appellant's arguments are

_____

[3]  Appellant's notice of appeal was filed in this Court on March 29, 2022, rendering it facially untimely.  **See** Pa.R.A.P. 903(a).  This Court issued a rule to show cause upon Appellant as to why the instant appeal should not be quashed.  **See** Rule to Show Cause, 5/6/22, at 1.  At the time of these proceedings, Appellant was incarcerated at SCI Waymart.  He responded to this Court's rule to show cause by submitting an approved cash slip evincing that he delivered his notice of appeal to prison officials for mailing on March 22, 2022.  **See** Response to Rule to Show Cause, 5/17/22, at 3 (unpaginated).  The Pennsylvania Rules of Appellate Procedure provide that "[a] *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date . . . the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip[.]" Pa.R.A.P. 121(f).  Accordingly, we will deem Appellant's *pro se* notice of appeal to have been timely filed on March 22, 2022.

[4]  While Appellant's Rule 1925(b) statement was not filed in the Superior Court until April 27, 2022, the certified record indicates that Appellant handed over the statement for filing to prison authorities on April 17, 2022.  Thus, we will deem the statement to be timely filed.  **See** Pa.R.A.P. 121(f).

inextricably linked, *i.e.*, he seeks to vacate the amended sentencing orders of the trial court pursuant to the inherent authority afforded by § 5505. Thus, we will address these claims collectively in this writing.

Before proceeding further, we must first properly characterize the nature of Appellant's underlying petition. As discussed further *infra*, this question has implications regarding the subject matter jurisdiction of this Court and the trial court. Therefore, we may raise this matter *sua sponte*. **See Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa.Super. 2019) ("Whether a court has subject matter jurisdiction is a question of law . . . . It is not waivable, even by consent, and may be raised by any party or by the court, *sua sponte*, at any stage of the proceeding."). Specifically, our review has raised a significant question as to whether Appellant's petition is subsumed under the aegis of the PCRA. As this Court has explained, "[a]ny collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition." **Commonwealth v. Deaner**, 779 A.2d 578, 580 (Pa.Super. 2001); **see also Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa.Super. 2013) ("Issues that are cognizable under the PCRA must be raised in a timely PCRA petition[.]").

We are particularly mindful that the PCRA provides the exclusive means of obtaining collateral relief in Pennsylvania for criminal defendants alleging that they are, *inter alia*, serving an illegal sentence. **See** 42 Pa.C.S. § 9542 ("This subchapter provides for an action by which . . . persons serving illegal

sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies. . . .”). Our Supreme Court's jurisprudence has defined the scope of illegal sentencing claims to include challenges implicating a court's authority to impose the underlying sentence. *See Commonwealth v. Prinkey*, 277 A.3d 554, 561 (Pa. 2022) (“Put simply, . . . an illegal sentence is one that was imposed without authority.”); *Commonwealth v. Moore*, 247 A.3d 990, 997 (Pa. 2021) (holding claim addressing the legality of a defendant's sentence is “always subject to review within the PCRA where . . . the petition is timely”).

Appellant's petition argued that the trial court did not have the authority to amend his sentence without providing him with notice and an opportunity to respond pursuant to § 5505. *See* Motion to Clarify, 2/4/22, at 3 (“[T]he trial court modified [Appellant's] sentence twice without him being present during the resentencing proceedings, and because the trial court err[ed], [Appellant] avers that his new sentencing orders are a legal nullity, and without effect.” (cleaned up)). This argument unambiguously implicates the trial court's authority to impose the amended sentence, which is the textbook definition of a legality of sentence issue under current law. *See Prinkey*, *supra* at 561; *Moore*, *supra* at 997. Furthermore, our Supreme Court has identified “allegations that a sentence was imposed without the fulfillment of statutory preconditions to the court's sentencing authority” as falling within a

specific category of recognized illegal sentences. ***Prinkey***, ***supra*** at 562.

This specific definition also fairly describes Appellant's overall claim for relief,

which concerns a statutory precondition to modifying a criminal sentence, *i.e.*,

notice and an opportunity be heard under § 5505.

Based on the foregoing, we readily conclude that Appellant's claims for

relief were cognizable under the PCRA as a challenge to an allegedly illegal

sentence. As such, this claim is subject to the limitations of the PCRA,

including timeliness. ***See Commonwealth v. Wyatt***, 115 A.3d 876, 879

(Pa.Super. 2015) ("[I]f the PCRA offers a remedy for an appellant's claim, it

is the sole avenue of relief and the PCRA time limitations apply."). Moreover,

> [a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. . . . Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA.

***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa.Super. 2013). Finally, it

is well-established that "the PCRA time limitations implicate our jurisdiction

and may not be altered or disregarded in order to address the merits of a

petition." ***Commonwealth v. Laird***, 201 A.3d 160, 162 (Pa.Super. 2018).

These timeliness requirements are defined at statute as follows:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

. . . .

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b)(1), (3). This Court has summarized these statutory provisions as providing that "[a] PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final, unless appellant can plead and prove one of three exceptions set forth under 42 Pa.C.S. § 9545(b)(1), . . . ." *Commonwealth v. Smallwood*, 155 A.3d 1054, 1059 (Pa.Super. 2017).

Applying these requirements to the case at bar, Appellant's judgement of sentence became final at the expiration of his time to seek direct appellate review on January 28, 2013. Thereafter, Appellant had until January 28, 2014, to file a timely petition pursuant to the PCRA. The instant petition,

however, was filed on February 4, 2022, rendering it facially untimely by more than eight years. Given his failure to properly raise these matters in a PCRA petition, Appellant has made no attempt to discuss the timeliness requirements of the PCRA, let alone plead the applicability of any of the statutory exceptions thereto. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). However, it is clear from our review of the certified record that Appellant cannot establish the applicability of any of the timeliness exceptions given that his claims concerning his amended sentence have been evident from the face of the record since December 2012. Furthermore, this Court has held that a trial court's inherent authority to correct a sentence under § 5505 does not supplant the timeliness requirements of the PCRA. *See Commonwealth v. Whiteman*, 204 A.3d 448, 451 (Pa.Super. 2019).

Since Appellant did not file a timely PCRA petition or establish the applicability of any timeliness exception, the court below was without jurisdiction to entertain its merits. We, therefore, affirm the trial court's dismissal of Appellant's serial PCRA petition on this alternate basis.[5]

_____

[5] The trial court erred by failing to treat Appellant's motion as a PCRA petition and, thereby, ignoring the jurisdictional timeliness requirements to consider the merits of Appellant's arguments. However, we may affirm the trial court on any valid basis that appears of record. *See Commonwealth v. Radecki*, 180 A.3d 441, 451 (Pa.Super. 2018) ("[A]n appellate court may affirm a valid judgment based on any reason appears as of record[.]"). Additionally, while the trial court did not provide Appellant with the notice required by Pa.R.Crim.P. 907(1), the mere "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." *Commonwealth v. Zeigler*, 148 A.3d 849, 851 n.2 (Pa.Super. 2016).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2022