J-S13041-20

2020 PA Super 81

COMMONWEALTH OF PENNSYLVANIA :   IN THE SUPERIOR COURT OF
                                       :           PENNSYLVANIA
                                         :
           v.                          :
                                         :
                                         :
DEON HOSMOND BLAIR            :
                                         :
          Appellant                :   No. 1681 MDA 2019

Appeal from the Judgment of Sentence Entered July 10, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000312-2018

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

OPINION BY PELLEGRINI, J.:                    **FILED MARCH 31, 2020**

Deon Hosmond Blair (Blair) appeals *nunc pro tunc* from the judgment of sentence imposed following his entry of a guilty plea in the Court of Common Pleas of Luzerne County (trial court) to involuntary deviate sexual intercourse and simple assault.[1]  We vacate the judgment of sentence and remand.

On June 26, 2018, Blair entered a negotiated guilty plea to the above-mentioned charges.  The conviction arises from an incident with his former girlfriend during which he slapped her, punched her, hit her head, and forced her to perform oral sex on him in front of three young children, ages two and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3123(a)(1) and 2701(a)(1).

under. On February 27, 2019, the trial court sentenced Blair to an aggregate term of not less than 60 nor more than 120 months' imprisonment. The court awarded 231 days of credit for time served. Blair did not file a direct appeal.

On June 18, 2019, the trial court received a letter from the Commonwealth of Pennsylvania Department of Corrections (DOC) regarding the time credit. The DOC advised that it had already applied a portion of the time credit the court had awarded in this case (for the period from September 22, 2018, through February 27, 2019) to a previously imposed Monroe County sentence. Blair was, therefore, not entitled to application of the credit to the sentence imposed in this case, which was to run consecutive to the Monroe County sentence.[2]

On July 10, 2019, without giving notice to Blair or an opportunity for him to respond, the trial court entered an order amending the February 27, 2019 sentence to reduce the amount of credit for time served by 160 days for the relevant September 2018 through February 2019 period. (**See** Order 7/10/19). It directed that all other provisions of the sentencing disposition

---

[2] The DOC, an executive agency, has no power to change sentences or to add or remove sentencing conditions, including credit for time served; this power is vested with the sentencing court. **See Commonwealth v. Ellsworth**, 97 A.3d 1255, 1257 (Pa. Super. 2014). In **Ellsworth**, we also held "that the duplicative imposition of credit for time served constitutes a patent and obvious mistake that is amenable to correction after the thirty-day period prescribed in 42 Pa.C.S. § 5505." **Id.**; **see also** 42 Pa.C.S. § 9760 (governing the award of credit for time served).

remain in full force and effect. On September 12, 2019, the trial court granted Blair's motion to reinstate his direct appeal rights *nunc pro tunc*. This timely appeal followed. Blair and the trial court complied with Rule 1925(b). **See** Pa.R.A.P. 1925(a)-(b).

Blair argues that the trial court erred in failing to provide notice and hold a hearing on the time credit issue, with him physically present or by video conference, before it amended his judgment of sentence to reduce the number of days of credit for time served.[3] He contends that the procedure utilized by the trial court violates the requirements of Section 5505 of the Judicial Code. (**See** Blair's Brief, at 6-7).

This section provides:

> Except as otherwise provided or prescribed by law, a court **upon notice** to the parties may modify or rescind any order **within 30 days after its entry**, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. § 5505. "Generally, 42 Pa.C.S. § 5505 precludes the entry of an order modifying a final order more than thirty days after its entry." **Commonwealth v. Concordia**, 97 A.3d 366, 371 (Pa. Super. 2014). Nonetheless, a trial court retains the inherent jurisdiction to correct obvious

---

[3] Claims asserting trial court error regarding its award of credit for time served implicates the legality of the sentence. **See Commonwealth v. Saunders**, 2020 WL 113401, at *2 (Pa. Super. filed Jan. 10, 2020). Because issues relating to the legality of a sentence are questions of law, our standard of review is *de novo* and the scope of review is plenary. **See id.**

- 3 -

or patent errors in its orders, even if it is outside the standard 30-day paradigm, when warranted. *See id.* "An alleged error must qualify as a clear clerical error or a patent and obvious mistake in order to be amenable to correction." *Commonwealth v. Ellsworth*, 97 A.3d 1255, 1257 (Pa. Super. 2014) (citation omitted).

Even if there is a clear mistake, that does not relieve the court of its obligation to give notice as required by 42 Pa.C.S. § 5505 to both the defendant and the district attorney of the proposed changes and an opportunity to respond to those changes. Not only is such a notice required by 42 Pa.C.S. § 5505, the sentencing process must also satisfy due process, which similarly requires a notice and opportunity to respond. *See Commonwealth v. Wright*, 494 A.2d 354, 359 (Pa. 1985); *Commonwealth v. Eldred*, 207 A.3d 404 (Pa. Super. 2019).

It is in accord with those mandates that we have held that a trial court "is empowered to modify a sentence only if it notifies the defendant and the district attorney of its intention to do so." *Commonwealth v. Hobson*, 452 A.2d 22, 23 (Pa. Super. 1982) (citing *Commonwealth v. Horsman*, 361 A.2d 433 (Pa. Super. 1976)). Modification of a sentence without notifying the defendant is inconsistent with "the accused being present at every vital stage of the criminal process." *Commonwealth. v. Pastorkovic*, 567 A.2d 1089, 1092 (Pa. Super. 1989). Moreover, if the sentence is modified without giving

notice, it is without effect. **See Commonwealth v. Reed**, 386 A.2d 41 (Pa. Super. 1978).

Because Blair did not receive notice and an opportunity to respond, we vacate the sentence of the trial court and remand for resentencing after Blair receives notice and an opportunity to respond.

Judgement of sentence vacated. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/31/2020