J-A27006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MIGUEL ANGEL TORRES | : | |
| Appellant | : | No. 1429 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 1, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003371-2020

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED JANUARY 18, 2023**

Appellant Miguel Angel Torres challenges the judgment of sentence entered by the Court of Common Pleas of York County on November 1, 2021. Appellant asks this Court to vacate his November 1, 2021 judgment of sentence, claiming that it resulted from the trial court's erroneous September 27, 2021 order, which he asserts improperly vacated the judgment of sentence imposed earlier that day.  Upon review, we conclude that the trial court failed to provide Appellant with the requisite notice prior to vacating his September 27, 2021 judgment of sentence.  We, thus, vacate the trial court's September 27, 2021 vacatur order and remand for reinstatement of the September 27, 2021 judgment of sentence and for further proceedings consistent with this decision.

_____

[*] Retired Senior Judge assigned to the Superior Court.

This case involves a convoluted procedural history involving three guilty pleas, one trial, and three sentencing hearings before two York County judges, relating to two charges of Driving while Operating Privilege Suspended or Revoked ("DUS"). The charges ultimately resulted in Appellant's third and fourth DUS convictions. As directly applicable to the current appeal, the Commonwealth alleged that Appellant committed DUS on June 6, 2020, which we designate as his "4th DUS."[1] Appellant originally pled guilty before the Hon. Maria Musti Cook to the 4th DUS on June 30, 2021, and the court immediately imposed a sentence of a fine, costs, and community service.

In July 2021, however, the court granted the Commonwealth's motion to vacate the June 2021 sentence, concluding that it was illegal due to the parties' prior misunderstanding of the sentencing requirements. At a status hearing in August 2021, Appellant's counsel asked the court "to set this for trial," which the trial court interpreted as Appellant "apparently now requesting to withdraw his plea."[2] The trial court then set a "date-certain"

---

[1] Appellant plead guilty to his third DUS in May 2021, which appears at docket number CP-67-CR-0003837-2020 ("3rd DUS"). The case involving his 4th DUS appears at docket number CP-67-CR-0003371-2020. In both the 3rd and 4th DUS cases, the Commonwealth charged Appellant with violation of 75 Pa.C.S. § 1543(b)(1)(iii), addressing third and subsequent DUS convictions.

[2] N.T., 8/2/21, at 2, 6. Appellant's counsel did not correct the court's interpretation.

- 2 -

trial for the 4th DUS for September 28, 2021, warning that it would not let defense counsel "judge shop this one."[3]

On September 27, 2021, the day before the scheduled trial for the 4th DUS, Appellant appeared before a different judge, the Hon. Amber Anstine Kraft, for sentencing on the 3rd DUS charge, to which he had previously pled guilty in May 2021. The Commonwealth indicated to the court that Appellant also wanted to plead guilty to the 4th DUS charge and have the court sentence him on both charges.[4] Judge Kraft agreed and accepted Appellant's open plea. Based upon the Commonwealth and Appellant's proposals, the court sentenced him to one year of probation with six months on house arrest on the 3rd DUS charge. It then imposed the same sentence for the 4th DUS charge to run consecutively to the sentence for the 3rd DUS.[5]

Hours later, however, Judge Kraft "recalled" the case, but only the Commonwealth was present.[6] Without providing notice to Appellant or his counsel, she vacated Appellant's sentence imposed on the 4th DUS conviction. Judge Kraft's entire explanation for this action is as follows:

_____

[3] N.T., 8/2/21, at 5-6.

[4] The trial court emphasizes that Appellant's counsel did not "provide Judge Kraft with any historical information regarding" the case nor "advise Judge Kraft that the case was scheduled for a date-certain, judge-certain trial for the next morning." Tr. Ct. Op., 1/21/22, at 3-4.

[5] The court additionally imposed fines and costs.

[6] N.T., 9/27/21, at 10.

> [Addressing the Assistant District Attorney,] I have to go on the record from this morning. I have to vacate a sentence that I did this morning. Docket 3371 of 2020 [4th DUS] is [Appellant]. He was sentenced this morning pursuant to a plea agreement. I am going to vacate the sentence in that case only. Not in docket 3837 of 2020 [3rd DUS]. Just the docket of 3371 of 2020 [4th DUS] and he'll appear before Judge Cook tomorrow to enter that plea if he still wishes to enter it.

N.T., 9/27/21, at 11.

The following day, Appellant appeared before Judge Cook for the previously-scheduled jury trial for Appellant's 4th DUS offense. Judge Cook, aware of the prior day's appearance before Judge Kraft, accused Appellant's counsel of "judge-shopp[ing]" the case, which Appellant's counsel denied.[7] Prior to the start of trial, Appellant's counsel formally objected to the "order being vacated," referencing the September 27, 2021 judgment of sentence.[8] Following the trial, on September 28, 2021, the jury found Appellant guilty of his 4th DUS.

On November 1, 2021, the court sentenced Appellant to six to twelve months of incarceration. On November 3, 2021, Appellant filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[9]

---

[7] N.T., 9/28/21, at 4-5.

[8] *Id.* at 8-9.

[9] The trial court additionally granted Appellant's motion for bail pending appeal on November 17, 2021.

- 4 -

On appeal to this Court, Appellant asserts, *inter alia*, that the trial court violated Section 5505 in vacating his judgment of sentence without affording him notice and an opportunity to be heard.[10]  We agree.

**A.**

Section 5505, entitled "Modification of orders," provides in full:

Except as otherwise provided or prescribed by law, a **court upon notice to the parties** may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any

_____

[10] Appellant raises the following issues:

1. Did the [l]ower [c]ourt err in vacating *sua sponte* an open, yet uncontested, guilty plea that was knowingly, intelligently, and voluntarily entered by []Appellant?

2. Did the [l]ower [c]ourt err in vacating *sua sponte* a judgement of sentence that was legally entered following a knowing, intelligent, and voluntary open, yet uncontested, guilty plea entered by []Appellant?

3. Did the [l]ower [c]ourt err in vacating []Appellant's original judgement of sentence in violation of 42 Pa. C.S. [§] 5505 where adequate notice and opportunity to be heard was not provided to the parties?

4. Did the [l]ower [c]ourt err in vacating []Appellant's original judgment of sentence in violation of 42 Pa. C.S. [§] 5505, which prohibits a court from modifying or rescinding an order where otherwise provided or prescribed by law, where neither party sought withdraw of the plea or modification of sentence pursuant to the Pennsylvania Rules of Criminal Procedure?

As we ultimately vacate the September 27, 2021 order vacating the September 27, 2021 judgment of sentence for failure to provide the requisite notice and remand for reinstatement of his September 27, 2021 judgment of sentence, we do not address Appellant's other issues, including his questions regarding the court's alleged *sua sponte* withdrawal of his September 27, 2021 guilty plea.

- 5 -

term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. § 5505 (emphasis added). The issue presented is a pure question of law, over which "our scope of review is plenary and our standard of review is *de novo*." ***Commonwealth v. Holmes***, 933 A.2d 57, 65 (Pa. 2007).

While courts have not read Section 5505 to mandate prior notice in all cases, trial courts must provide prior notice to a defendant and the Commonwealth before modifying sentencing orders. ***See Commonwealth v. Renninger***, 269 A.3d 548, 568 (Pa. Super. 2022) (*en banc*) (holding that Section 5505 "permits the trial court to modify its sentencing order but only after providing notice to the parties" (emphasis omitted)); ***see also Commonwealth v. Daniels***, 963 A.2d 409, 418 (Pa. 2009) (observing that Section 5505 generally "does not state that notice must be given *prior* to the proceedings" but recognizing that "there are some circumstances when prior notice may be necessary[,]" such as the reconsideration of a sentence (emphasis in original)). Indeed, "[m]odification of a sentence without notifying the defendant is inconsistent with the accused being present at every vital stage of the criminal process." ***Commonwealth v. Blair***, 230 A.3d 1274, 1277 (Pa. Super. 2020) (citation and internal quotation marks omitted). "Moreover, if the sentence is modified without giving notice, it is without effect." ***Id.***

**B.**

Relying on ***Blair***, Appellant argues that the trial court's decision to vacate his September 27, 2021 judgment of sentence violated Section 5505

by failing to provide Appellant with prior notice and an opportunity to be heard. He asks that this Court "vacate the judgement of sentence and remand for reinstatement of his guilty plea and sentence." *Id.* at 17.

In her 1925(a) opinion, Judge Cook opined that Judge Kraft had authority to vacate the September 27, 2021 judgment of sentence because Section 5505 allows courts to modify orders within thirty days of entry. She emphasized that Judge Kraft vacated the September 27, 2021 judgment of sentence "within two-and-one-half hours" after imposing it and that Appellant "was immediately advised of its entry." Tr. Ct. Op., 1/21/22, at 6. While the court justified the decision to vacate the sentence due to Appellant's "counsel's lack of candor" to Judge Kraft, it did not address the lack of notice to Appellant prior to vacating his September 27, 2021 judgment of sentence. *Id.* at 7. Judge Kraft filed a one-sentence concurring opinion to Judge Cook's 1925(a) opinion indicating her agreement.

Upon review, we conclude that the trial court erred in vacating its September 27, 2021 judgment of sentence because it failed to provide Appellant the requisite notice. In so doing, we first observe that the trial court had authority under Section 5505 to vacate Appellant's judgment of sentence hours after issuing it and arguably had justification for doing so in this case.[11]

_____

[11] We acknowledge the trial court's accusation that "[Appellant's] counsel was clearly judge-shopping[,]" further noting that the court had "forewarned [counsel] that such behaviors would not be permitted[.]" Tr. Ct. Op., at 4. Our grant of relief to Appellant should not be read to condone such conduct if
*(Footnote Continued Next Page)*

Nevertheless, a trial court may "modify its sentencing order but only after providing notice to the parties." **Renninger**, 269 A.3d at 568. Accordingly, we conclude that the trial court in the instant case erred in vacating Appellant's September 27, 2021 judgment of sentence without first providing notice to Appellant.

We next consider the appropriate remedy for the trial court's error. This Court recently addressed an analogous situation in **Renninger** where the trial court issued a sentence orally from the bench but then modified the sentence two weeks later in its written order by adding a requirement that the sentence be served consecutively to the sentence the defendant was then serving. It did not notify Renninger of its intent to modify the sentence. As a result of the trial court's failure to notify Renninger, we vacated the improperly-modified judgment of sentence and remanded for resentencing consistent with the Court's opinion, with direction that the trial court provide the defendant notice and an opportunity to be heard regarding the potential imposition of a consecutive sentence.[12]

_____

"judge-shopping" was indeed the case here. Nevertheless, we are constrained to find error as set forth below.

[12] Renninger filed a petition for allowance of appeal with the Pennsylvania Supreme Court, review of which that Court is holding pending its decision in **Commonwealth v. Armolt**, 86 MAP 2021, addressing a separate issue. **See** Order, **Commonwealth v. Renninger,** 41 WAL 2022 (Pa. filed May 20, 2022).

Similarly, in *Blair*, the trial court modified the sentence without providing notice to Blair or his counsel.[13] This Court "vacat[ed] the sentence of the trial court and remand[ed] for resentencing after Blair receive[d] notice and an opportunity to respond." *Blair*, 230 A.3d at 1277. We observed that where "the sentence is modified without giving notice, it is without effect." *Id.*

As in *Renninger* and *Blair*, we vacate the erroneous September 27, 2021 order vacating the September 27, 2021 judgment of sentence, based on the trial court's failure to provide notice to Appellant and remand the case to the trial court, returning the case to the point in the proceedings immediately prior to the court's error. We observe, however, that, unlike in *Renninger* and *Blair*, the erroneous order in this case did not merely change a detail of a preexisting sentence but instead vacated the entire judgment of sentence.

Accordingly, we cannot merely vacate the modified sentencing order and remand for resentencing, as in *Renninger* and *Blair*, because there is no extant sentence, or arguably an existing plea. Instead, we vacate the trial court's September 27, 2021 order, which vacated the judgment of sentence of the same date, and remand for reinstatement of the September 27, 2021

_____

[13] The trial court in *Blair* modified the sentence months after its initial entry to address the duplication of the credit for time served, which this Court has recognized as a patent error that can be addressed outside the thirty-day window of Section 5505. *Blair*, 230 A.3d at 1276. This Court, however, concluded that "[e]ven if there is a clear mistake, that does not relieve the court of its obligation to give notice as required by 42 Pa.C.S. § 5505[.]" *Id.* at 1277.

judgment of sentence entered following Appellant's guilty plea taken that same morning. Moreover, as a result of our vacatur of the erroneous September 27, 2021 vacatur order and the reinstatement of the September 27, 2021 judgment of sentence, we deem Appellant's subsequent September 28, 2021 trial and guilty verdict, as well as the November 1, 2021 judgment of sentence, to be legal nullities. Finally, we observe that the modification period for purposes of Section 5505 will begin on the date the trial court reinstates the September 27, 2021 judgment of sentence, subject to the provision of the requisite notice.

Judgment of sentence of November 1, 2021 nullified. Case remanded for reinstatement of September 27, 2021 judgment of sentence. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/18/2023