J-S07022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARNELL ANTHONY MOMENT | : | |
| | : | |
| Appellant | : | No. 476 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 27, 2022
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002145-2021

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED: MARCH 19, 2024**

Darnell Moment appeals from his judgment of sentence entered after he was convicted of persons not to possess firearms and possessing fentanyl with intent to deliver.[1] Because the sentencing court modified Moment's sentence without giving him advance notice and an opportunity to respond, we vacate and remand.

Scranton police arrested Moment on September 17, 2021, and charged him with gun and drug offenses. On June 27, 2022, Moment pled guilty to the above crimes. The case proceeded to sentencing on September 13, 2022.

Defense counsel told the sentencing court that Moment was "already serving a five year sentence out of Wayne County. I would ask the court to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1) and 35 P.S. § 780-113(a)(30), respectively.

sentence him concurrently. All of these standard ranges are within the sentence of Wayne County." N.T., 9/13/22, at 6.

The court then pronounced Moment's sentence on the record:

When I first reviewed it, I was considering a concurrent sentence. But when I look at what the arrest was in regard to the Wayne County, the first arrest for possession of firearm was September of '20. And then, the arrest on this was September of '21. Continued illegal behavior with a weapon and with drugs in my mind mandates a consecutive sentence. The court therefore in regard to Count 1 will be sentencing you 60 months to 120 months. In regard to Count 2, 27 to 60 months consecutive. For an aggregate of 87 to 180 months.

N.T., 9/13/22, at 7.

The certified record contains three sentence orders, all dated September 13, 2022. The first is a typed order docketed on September 20, 2022. This order erroneously sets Moment's sentence at Count 1 as 27 to 60 months of confinement. It specifies that Moment's sentence at Count 2 is consecutive to his sentence at Count 1 but does not mention his Wayne County sentence. Attached to this order but not time-stamped is the trial court's handwritten form sentence order. The handwritten order indicates the correct sentence at Count 1 and provides that the sentence at Count 2 is "cons to Ct 1." The handwritten order does not mention the Wayne County case; it leaves blank the line: "This sentence shall run conc/cons to case(s) ____."

The second sentence order is a typed "corrected" order docketed on September 21, 2022. This order specifies that Moment's total sentence in this

- 2 -

case is consecutive to his sentence in his Wayne County case.[2] The order duplicates the erroneous sentence at Count 1.

The third sentence order is a typed "corrected" order docketed on September 27, 2022. This order provides the correct, 60-to-120-month sentence at Count 1. It repeats the specification that Moment's sentence is consecutive to his Wayne County sentence.

Moment filed post-sentence motions, which were denied by operation of law on February 23, 2023. Moment timely appealed.[3] Moment and the sentencing court complied with Pennsylvania Rule of Appellate Procedure 1925.

Moment presents two issues for review:

1. Did the trial court err as a matter of law and abuse its discretion by changing [Moment's] current aggregate sentence imposed on September 13, 2022, where the trial court did not originally run the current aggregate sentence consecutive to a prior sentence, imposed in Wayne County, either in the original verbal or written sentencing orders and by failing to vacate that sentence and provide notice and an opportunity to be heard by holding a hearing with [Moment] and counsel present before modifying [Moment's] judgment of sentence?

2. Did the trial court err as a matter of law or abuse its discretion and impose a manifestly excessive sentence when it focused on [Moment's] prior record and did not consider the mitigating circumstances presented in the PSI and stated on the record at sentencing to impose a sentence on Count 1 at the highest end

---

[2] A guideline form, also docketed September 21, 2022, states that Moment's Count 1 sentence is "Not consecutive or concurrent to another OTN."

[3] Moment filed separate appeals from the three sentence orders. Appeal lies only from the final order. *Commonwealth v. Wenzel*, 248 A.3d 540, 545 (Pa. Super. 2021). We therefore quashed the appeals from the earlier orders.

of the standard range, run consecutive to Count 2 and a prior
sentence?

Moment's Brief at 3.

Moment's first issue is dispositive. Although Moment accepts that the trial court could correct the erroneous term listed for Count 1, he protests the trial court's addition, in the order docketed September 21, 2022, that his sentence is consecutive to his Wayne County sentence. Specifically, Moment challenges (1) the trial court's authority to enter the "corrected" sentence order and (2) the lack of advance notice and an opportunity to be heard.

This issue presents a question of law. *Commonwealth v. Kremer*, 206 A.3d 543, 547–48 (Pa. Super. 2019) (citing *Commonwealth v. Borrin*, 12 A.3d 466, 471 (Pa. Super. 2011) (*en banc*)). "Accordingly, our scope of review is plenary and our standard of review is *de novo*." *Id.* at 548.

By statute, a court has authority to amend an order in the 30 days after entering it. "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505. Additionally, a court retains a limited power to correct "clear clerical errors" even more than 30 days after entering an order. *Kremer*, 206 A.3d at 548.

Section 5505 authority is premised upon "notice to the parties," which we read to require **advance** notice. *Commonwealth v. Blair*, 230 A.3d 1274, 1277 (Pa. Super. 2020). "Even if there is a clear mistake, that does not relieve the court of its obligation to give notice as required by [Section]

- 4 -

5505 to both the defendant and the district attorney of the proposed changes and an opportunity to respond to those changes." *Id.* We thus reject the Commonwealth's argument that the current statutory language allows for notice after-the-fact. *See Commonwealth v. Beck*, 78 A.3d 656, 659 (Pa. Super. 2013) ("This panel is not empowered to overrule another panel of the Superior Court.").

Furthermore, a trial court's authority under Section 5505 is limited "as otherwise provided or prescribed by law." 42 Pa.C.S.A. § 5505; *see Commonwealth v. Chambers*, ___ A.3d ____, ____, 2024 WL 696235, at *12 (Pa. 2024). As such, we cannot construe Section 5505 to allow a court to violate a criminal defendant's due process rights. *Commonwealth v. Hoover*, 231 A.3d 785, 793 (Pa. 2020) (Todd, J., announcing the judgment of the court); *id.* at 804–05 (Wecht, J., concurring) (agreeing with the plurality's due process analysis).

Consequently, we have explained that before a trial court can modify a sentence order, it must provide notice and an opportunity to be heard:

> Not only is such a notice required by [Section] 5505, the sentencing process must also satisfy due process, which similarly requires a notice and opportunity to respond. *See Commonwealth v. Wright*, 494 A.2d 354, 359 (Pa. 1985); *Commonwealth v. Eldred*, 207 A.3d 404 (Pa. Super. 2019).
>
> It is in accord with those mandates that we have held that a trial court "is empowered to modify a sentence only if it notifies the defendant and the district attorney of its intention to do so." *Commonwealth v. Hobson*, 452 A.2d 22, 23 (Pa. Super. 1982). Modification of a sentence without notifying the defendant is inconsistent with "the accused being present at every vital stage of the criminal process." *Commonwealth. v. Pastorkovic*, 567

- 5 -

A.2d 1089, 1092 (Pa. Super. 1989). Moreover, if the sentence is modified without giving notice, it is without effect. *See Commonwealth v. Reed*, 386 A.2d 41 (Pa. Super. 1978).

*Blair*, 230 A.3d at 1277 (citations altered); *accord Hoover*, 231 A.3d at 798 (Wecht, J., concurring) (reading Section 5505 to require that "the parties had notice **before** the original order was vacated" (emphasis added)).

Here, the sentencing court identified two "clear clerical errors" in the first sentence order: the erroneous sentence at Count 1,[4] and the lack of reference to Moment's Wayne County sentence. Sentencing Court Opinion, 7/26/23, at 6–7. The court therefore submits that it did not change or alter Moment's sentence; it merely corrected the typed orders to conform to its on-the-record pronouncement. *Id.* at 7.

We find the sentencing court's oral sentence order to be ambiguous as to whether Moment's sentence is concurrent or consecutive to his Wayne County sentence. Therefore, any clerical error in the first typed order was not "clear." The trial court stated at sentencing:

> When I first reviewed it, I was considering a concurrent sentence. But when I look at what the arrest was in regard to the Wayne County, the first arrest for possession of firearm was September of '20. And then, the arrest on this was September of '21. Continued illegal behavior with a weapon and with drugs in my mind mandates a consecutive sentence. The court therefore in regard to Count 1 will be sentencing you 60 months to 120 months. In regard to Count 2, 27 to 60 months consecutive. For an aggregate of 87 to 180 months.

N.T., 9/13/22, at 7.

---

[4] Moment does not challenge the correction of his sentence at Count 1. Therefore, we do not rule on this exercise of the sentencing court's authority.

Both of the court's references to "consecutive" sentences could mean either that Moment's sentences at Counts 1 and 2 would be consecutive or that his total sentence in this case would be consecutive to his Wayne County sentence. Notably, **both meanings implicate the concern that Moment expressed at sentencing**—Moment would face less total time in confinement if he received concurrent sentences at both counts in this case **or** if he received a sentence in this case concurrent to his Wayne County sentence. *See id.* at 6. As such, the court could not modify this provision of its first order under its authority to correct clear clerical errors. *Cf. Kremer*, 206 A.3d at 550 (finding no "clear clerical error" given the "variable use of the concept of 'consecutive' sentences").

The sentencing court sought to modify its order within 30 days and before any appeal was taken, which it could do if it complied with Section 5505. This required advance notice and an opportunity to respond. *Blair*, 230 A.3d at 1277. As Moment did not receive such notice, "we vacate the sentence of the trial court and remand for resentencing after [Moment] receives notice and an opportunity to respond." *Id.* Because we grant relief on Moment's first issue, we do not reach his second issue.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/19/2024