J-S41044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANA EVERETT YOUNG | : | |
| | : | |
| Appellant | : | No. 567 EDA 2024 |

Appeal from the PCRA Order Entered February 1, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000560-1983

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANA EVERETT YOUNG | : | |
| | : | |
| Appellant | : | No. 568 EDA 2024 |

Appeal from the PCRA Order Entered February 1, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000561-1983

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANA EVERETT YOUNG | : | |
| | : | |
| Appellant | : | No. 570 EDA 2024 |

Appeal from the PCRA Order Entered February 1, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000614-1983

BEFORE:  MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED MARCH 7, 2025**

Dana Everett Young ("Young") appeals from the order dismissing his untimely serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). [1] We affirm.

This Court previously set forth the relevant factual and procedural history as follows:

> In separate incidents in January of 1983, [Young] forced a woman to engage in oral, vaginal, and anal intercourse at knifepoint in a wooded area, and forced another woman into a car at knifepoint and made that victim touch his penis after he touched her intimate parts. He robbed the first victim of $70.00 and, after taking a purse containing a nominal amount of money from the second victim, that victim fled as he was taking her to a bank for more money. He pulled on the hair of both victims, successfully ripping hair from the second victim's scalp. He broke the wrist of the first victim when he initially knocked her to the ground.

> After a consolidated trial, a jury found [Young] guilty of: (1) rape, involuntary deviate sexual intercourse, robbery, theft by unlawful taking, theft by receiving stolen property, terroristic threats, unlawful restraint, aggravated assault, and possessing an instrument of crime at CP-39-CR-0000614-1983; (2) four counts of robbery, two counts each of kidnapping and aggravated assault, and single counts of theft by unlawful taking, theft by receiving stolen property, and terroristic threats at CP-39-CR-0000560-1983; and (3) indecent assault and indecent exposure at CP-39-CR-0000561-1983. On September 9, 1985, the trial court sentenced [Young] to an aggregate term of twenty-one to forty-two years' imprisonment.

> This Court treated a timely appeal from the judgments of sentence as a petition filed under the precursor act to the PCRA . . ., in which [Young] alleged that his trial counsel provided ineffective assistance for failing to object to the joinder of the

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

underlying criminal matters. This Court remanded for an evidentiary hearing. Following that hearing, the trial court entered an order finding [Young's] ineffectiveness claim meritless. [Young] filed an appeal that we dismissed as untimely without prejudice to [his] right to petition the trial court for permission to appeal *nunc pro tunc.* [Young] thereafter filed a petition for permission to appeal *nunc pro tunc* that the trial court heard and denied on December 27, 1994. [Young] filed an appeal from that order but later filed a *pro se* motion to withdraw that appeal, which this Court granted on November 27, 1995.

[I]n November [] 1995, [Young] filed a *pro se* PCRA petition that was considered timely filed because it was not governed by amendments to the PCRA that were enacted on November 17, 1995, and became effective sixty days thereafter. Following a hearing, the PCRA court denied the petition on June 30, 1997. [Young] filed a *pro se* appeal. [I]n November [] 1998, we affirmed. [I]n May [] 1999, our Supreme Court denied *allocatur.*

[I]n July [] 1999, [Young] filed a *pro se* second PCRA petition. Counsel was appointed and filed an amended petition. [Young] *pro se* appealed the dismissal of the petition [i]n October [] 2000. **On August 7, 2001**, we affirmed the dismissal; while the PCRA court denied relief after finding that all of [Young's] issues were previously litigated, **we affirmed on the basis that the petition was untimely**.

Over the next nine years, [Young] unsuccessfully litigated five more *pro se* PCRA petitions and this Court affirmed the dismissals in each instance. . . ..

In the ensuing eight years, [Young] unsuccessfully litigated three *pro se* petitions styled as petitions for writ of *habeas corpus* and appeals from the dismissals of those petitions. . . . While we agreed that the first of those petitions was properly presented as a *habeas* petition, given the nature of the claim presented in that petition, we affirmed the dismissal of the latter two petitions as untimely eighth and ninth PCRA petitions. . . . [Young] subsequently filed a *pro se* motion for discovery that the PCRA court denied [i]n July [] 2022. [Young] appealed the denial of that motion and later filed a petition to discontinue that appeal [i]n November [] 2022.

> While the appeal from the denial of the discovery motion was still pending, [Young] filed the *pro se* petition, styled as a petition for writ of *habeas corpus* . . ..

> [I] August [] 2022, [Young] filed a motion for leave to amend his *habeas* petition . . ..  The lower court treated [Young's] petition as an untimely PCRA petition, based on the nature of the claims included in it, and issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907.  [Following the dismissal of the petition, Young] timely filed separate notices of appeal in each of his underlying criminal matters.

***Commonwealth v. Young***, 305 A.3d 986 (Pa. Super. 2023) (unpublished memorandum at *1-*3) (internal citations and citations to the record omitted; emphasis added).  In September 2023, this Court affirmed the dismissal of Young's tenth PCRA petition, styled as a petition for writ of habeas corpus.  ***See generally id***.

In October 2023, Young filed another PCRA petition seeking reinstatement of his direct appeal rights *nunc pro tunc* based on an asserted deprivation of his right to pursue a direct appeal.  ***See generally*** PCRA Pet., 10/17/23.  The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition as untimely, to which Young filed an answer, and the court subsequently issued an order dismissing the petition as untimely.  ***See*** Order, 11/20/23 (notice of intent to dismiss); Answer, 12/5/23; Order, 2/1/24 (dismissal order).  Young timely appealed.  ***See*** Notice of Appeal, 2/25/24. The PCRA court did not order Young to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

Young raises the following issue for our review:

Whether the [PCRA] court erred and abused its discretion in dismissing [Young's] [PCRA] petition seeking relief in the interest of justice where insufficient reason[s] exist to support differential treatment among individuals denied the right to direct appeal without waiver.

Young's Brief at 3.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." *Id*. at 145 (internal citation omitted).

Young argues the PCRA court erred in dismissing his PCRA petition notwithstanding the PCRA's timeliness requirements. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one

year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1).[2] The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii). Any PCRA petition invoking an exception under section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); **see also Commonwealth v. Williamson**, 21 A.3d 236, 242 (Pa. Super. 2011). The fact that "counsel failed to file a direct appeal and thereby denied an appellant his constitutional right to a direct appeal[] does not save that appellant's PCRA petition from the timeliness requirements of [s]ection 9545(b)." **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001) (internal citation omitted).

Young argues the PCRA court erred in dismissing his petition. He concedes the untimeliness of his petition and also that because no exceptions to the jurisdictional time-bar apply, the courts lack jurisdiction to consider the merits of his petition. **See** Young's Brief at 10. He notes that he needs to

---

[2] A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

prove an exception to the time-bar. *See id*. However, he admits he "did not plead any timeliness exception in his petition or herein [before this Court], nor does he argue their applicability before this Court." *Id*. at 11. However, Young argues the PCRA court should have reinstated his direct appeal rights *nunc pro tunc* in the interests of justice. *See id*. at 11-12.

The PCRA court dismissed Young's petition on timeliness grounds. *See* Order, 2/1/24, at 1 n.1. Indeed, there is no dispute that Young's petition is facially untimely.[3] Additionally, claims of ineffectiveness arising from an alleged failure to file a direct appeal are subject to the PCRA's timeliness requirements. *See Carr*, 768 A.2d 1164. Because Young advanced no timeliness exceptions below or on appeal, we discern no error in the court's conclusion that Young's PCRA petition was untimely. Therefore, we affirm the PCRA court's order dismissing his untimely PCRA petition.[4]

---

[3] Since at least as far back as 2001, this Court has affirmed the dismissals of Young's PCRA petitions based on untimeliness. *See Young*, 305 A.3d 986 (unpublished memorandum at *1) (noting this Court affirmed in August 2001 the dismissal of Young's *pro se* PCRA petition on untimeliness grounds).

[4] Young relies on *Commonwealth v. Hitchcock*, 749 A.2d 935 (Pa. Super. 2000), for the proposition that he may seek restoration of his direct appeal rights outside of the aegis of the PCRA. *See* Young's Brief at 9-11. However, this Court has recognized that *Hitchcock* was impliedly overruled by our Supreme Court, and, consequently, a petitioner may not circumvent the PCRA's timeliness requirements when requesting a direct appeal *nunc pro tunc*. *See Commonwealth v. Rivera*, 802 A.2d 629, 633 (Pa. Super. 2002); *Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002).

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/7/2025

---

Additionally, to the extent Young asserts this Court is empowered to "correct" orders in perpetuity pursuant to 42 Pa.C.S.A. § 5505, **see** Young's Brief at 11, we reject this argument. **See Commonwealth v. Blair**, 230 A.3d 1274, 1277 (Pa. Super. 2020) (noting that section 5505 generally precludes the modification of final orders after more than thirty days, but that trial courts have "inherent jurisdiction to correct obvious or patent errors in [their] orders, even if it is outside the standard 30-day paradigm, when warranted") (internal citations omitted).