J-S07045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                             :          PENNSYLVANIA
                             :
            v.                   :
                             :
                             :
DONDRE M. CHISOM            :
                             :
          Appellant       :   No. 1379 MDA 2024

Appeal from the PCRA Order Entered September 13, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005714-2015

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:            **FILED: May 29, 2025**

Appellant, Dondre M. Chisom, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which denied his serial petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

This Court has previously set forth the relevant facts and procedural history of this case as follows.

> The record reflects that on July 2, 2015, [Appellant] shot and killed Christopher Williams ("Williams") after Williams allegedly cut to the front of a convenience store checkout line. On June 19, 2017, [Appellant] entered into a negotiated guilty plea to third-degree murder and possession of a firearm prohibited in exchange for an agreed-upon sentence of twenty-five to fifty years in prison and $75,000 in fines. The same day, the trial court accepted the plea and imposed the agreed-upon sentence. [Appellant] did not file any post-sentence motions or a direct appeal.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

On December 22, 2017, [Appellant] filed his first PCRA petition. The PCRA court dismissed the petition without a hearing. [Appellant] appealed and this Court affirmed. *See Commonwealth v. Chisom*, 915 MDA 2020 (Pa.Super. filed Feb. 22, 2021) (non-precedential decision).

On January 5, 2022, [Appellant] filed *pro se* a post-sentence motion *nunc pro tunc*, arguing that his sentence is illegal, his plea counsel was ineffective, he was not competent to plead guilty, and the convictions were a miscarriage of justice. The PCRA court treated this motion as [Appellant's] second PCRA petition, and, thereafter, issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. [Appellant] filed an objection. Thereafter, the PCRA court dismissed the petition.

[Appellant] filed a timely notice of appeal. This Court dismissed the appeal, however, based upon [Appellant's] failure to file a brief. *See Commonwealth v. Chisom*, 412 MDA 2022 (Pa.Super. filed Sept. 12, 2022) (*per curiam* Order).

[Appellant] filed [another] PCRA petition … on September 25, 2023, seeking reinstatement of his appellate rights related to the dismissal of his second PCRA petition. On September 26, 2023, the PCRA [c]ourt granted the petition and reinstated [Appellant's] right to file an appeal *nunc pro tunc*.

*Commonwealth v. Chisom*, No. 1499 MDA 2023, unpublished memorandum at 1-3 (Pa.Super. filed July 3, 2024). On July 3, 2024, this Court affirmed the dismissal of Appellant's second PCRA petition as untimely. *See id.*

Appellant filed another PCRA petition on July 11, 2024, which the PCRA court dismissed on July 12, 2024 as premature, because the time to file a petition for allowance of appeal in the Supreme Court following this Court's July 3, 2024 decision had not yet expired.

Appellant filed the current, serial, PCRA petition on August 7, 2024. On August 12, 2024, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. On August 26, 2024, Appellant filed a motion for extension of time to respond to the Rule 907 notice. The court granted the motion, extending Appellant's time to file a response until September 23, 2024. On September 12, 2024, Appellant filed a response to the Rule 907 notice. The next day, the court denied PCRA relief. On September 19, 2024, Appellant timely filed a *pro se* notice of appeal. The court did not order Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant did not file one.

Appellant raises one issue for our review:

> Did the PCRA court err when it dismissed [Appellant's] PCRA petition when it is clear that [Appellant] presented a valid claim in accordance to the time exceptions of the PCRA. Moreover, the PCRA court was compelled to hold an evidentiary hearing to at least determine if the merits were valid, by which would have entitled [Appellant] to relief?

(Appellant's Brief at 3).

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of

time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Further, Section 5505 of the Judicial Code provides:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind **any order** within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505 (emphasis added). This Court has explained:

> "Generally, 42 Pa.C.S. § 5505 precludes the entry of an order modifying a final order more than thirty days after its

- 4 -

> entry." ***Commonwealth v. Concordia***, 97 A.3d 366, 371 (Pa.Super. 2014). Nonetheless, a trial court retains the inherent jurisdiction to correct **obvious or patent errors in its orders**, even if it is outside the standard 30-day paradigm, when warranted. ***See id.*** "An alleged error must qualify as a clear clerical error or a patent and obvious mistake in order to be amenable to correction." ***Commonwealth v. Ellsworth***, 97 A.3d 1255, 1257 (Pa.Super. 2014) (citation omitted).

***Commonwealth v. Blair***, 230 A.3d 1274, 1277 (Pa.Super. 2020) (emphasis added).

Instantly, Appellant's judgment of sentence became final on July 19, 2017, after the time to file a direct appeal from his judgment of sentence expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, Appellant had until July 19, 2018, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the current PCRA petition on August 7, 2024, which is facially untimely.

Appellant now argues that his guilty plea was invalid because he was coerced into pleading guilty, and the guilty plea colloquy was defective. Appellant claims the colloquy defect was a "patent and obvious" error which can be corrected in the absence of traditional jurisdiction, under Section 5505. Nevertheless, Section 5505 permits a court to correct patent and obvious errors in the court's **orders**. ***See Blair, supra***. The alleged defect in Appellant's written guilty plea colloquy is not a patent and obvious error in a court order subject to correction under Section 5505. ***See id.*** Rather, Appellant's claims challenging the validity of his guilty plea squarely fall under

- 5 -

the confines of the PCRA. ***See*** 42 Pa.C.S.A. § 9542 (explaining that PCRA shall be sole means of obtaining collateral relief and encompasses all common law statutory remedies for same purpose). ***See also*** 42 Pa.C.S.A. § 9543(a)(2)(iii) (classifying challenges to validity of guilty plea as cognizable under PCRA).

In an attempt to escape the time-bar, Appellant vaguely asserts "governmental interference" which impeded Appellant's ability to raise these claims sooner. Nevertheless, to the extent Appellant attacks prior counsel's ineffectiveness as the alleged governmental interference, for purposes of the PCRA, governmental officials "shall not include defense counsel, whether appointed or retained." 42 Pa.C.S.A. § 9545(b)(4). To the extent Appellant alleges the court prevented Appellant from raising his claims sooner, the PCRA court rejected this assertion as follows:

> [Appellant's] specific claim of governmental interference appears to be that [t]his [c]ourt somehow impeded his ability to present his claim of an unlawfully induced guilty plea by dismissing his first PCRA. He writes that by "agreeing with PCRA counsel's motion to dismiss, the court interfered with [Appellant's] relevant and constitutional claims." We are confused by this statement because the ruling of [t]his [c]ourt had absolutely no impact on [Appellant's] ability to pursue an appeal. Rulings of lower courts form the basis of appeals. Appeals are not necessary without adverse rulings.
>
> The more confusing aspect of [Appellant's] argument is the reality that he did, in fact, appeal our Order dismissing his first PCRA and had the issue addressed on the merits by the Superior Court. …[T]he Superior Court determined that the record did not support [Appellant's] claim that his guilty plea was unlawfully induced. Accordingly, we cannot find that

- 6 -

> [Appellant] has suffered from governmental interference causing him to fail to raise the claim, because he raised the claim.

(Rule 907 Notice Opinion, 8/12/24, at 5-6). We agree with the PCRA court that Appellant has not satisfied the governmental interference exception to render his current PCRA petition timely. *See* 42 Pa.C.S.A. § 9545(b)(1)(i). Appellant further fails to demonstrate how he raised his alleged claim of governmental interference within one year of its discovery. *See* 42 Pa.C.S.A. § 9545(b)(2). Thus, the court was not required to hold an evidentiary hearing on the merits of Appellant's claims, because he did not first establish the court's jurisdiction to do so. ***See Zeigler, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/29/2025