**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD ALONZO SAWYER | : | |
| | : | |
| Appellant | : | No. 488 WDA 2024 |

Appeal from the PCRA Order Entered March 21, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015473-2018

BEFORE: MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.: **FILED: May 30, 2025**

Appellant, Ronald Alonzo Sawyer, appeals from the order entered in the Allegheny County Court of Common Pleas, which denied his "Motion to Correct Sentence," which the court treated as a petition pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. On November 7, 2019, Appellant entered a negotiated guilty plea to one count of possession with intent to deliver a controlled substance—fentanyl ("PWID"). In exchange for his plea, the Commonwealth agreed to withdraw multiple other charges and to recommend a sentence of 2 to 4 years' imprisonment with a term of probation to be decided by the court. At the time of the guilty plea, Appellant acknowledged that he was on parole at the time he committed

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

the instant PWID offense. The court then stated: "Okay, you understand that your guilty plea today may be a violation of your probation or parole, and that you could face an additional sentence as a result of this plea? You understand that?" (N.T. Plea Hearing, 11/7/19, at 107). Appellant responded: "Yes." (*Id.*) After conducting a colloquy, the court accepted Appellant's plea as knowing, intelligent, and voluntary, and Appellant proceeded directly to sentencing. Thereafter, the court imposed the Commonwealth's recommended sentence of 2 to 4 years' imprisonment, plus 3 years' probation. On November 5, 2021, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Sawyer*, No. 405 WDA 2021 (Pa.Super. filed Nov. 5, 2021) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On January 3, 2023, Appellant filed a *pro se* "Motion to Correct Sentencing Order."[2] The court treated Appellant's motion as a PCRA petition and appointed counsel. Appointed counsel filed another "Motion to Correct Sentence," alleging that Appellant was not seeking relief under the PCRA. Rather, Appellant claimed he wanted the court to correct a purported clerical error concerning whether the court had intended the PWID sentence to run concurrently with or consecutively to Appellant's parole revocation sentence. Appellant insisted that the Department of Corrections had erroneously interpreted the PWID sentence as running consecutive to the parole revocation

_____

[2] Appellant's *pro se* motion is not in the certified record.

- 2 -

sentence,[3] and asked the court to modify the sentencing order to clarify that the PWID sentence was imposed concurrently with Appellant's parole revocation sentence.

On January 30, 2024, the court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition. Appellant subsequently filed a response. On March 21, 2024, the court denied relief. Appellant timely filed a notice of appeal on April 18, 2024. On April 22, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), which Appellant timely filed on May 10, 2024.

Appellant raises the following issue for our review:

> The [c]ourt erred in construing [Appellant's] motion to correct sentence as a request for relief under the [PCRA], where [Appellant] requested the court to correct a clerical error and to determine whether the underlying sentence was to be served consecutive to or concurrently with his recommitment sentence imposed by the Pennsylvania Board of Probation and Parole for being a convicted violator.

(Appellant's Brief at 4).

As a prefatory matter, any petition for post-conviction collateral relief will generally be considered a PCRA petition, regardless of how it is styled, if the petition raises issues for which the relief sought is available under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral

---

[3] The record indicates that Appellant was recommitted to serve 24 months' imprisonment at a separate docket for the parole violation.

relief and encompasses all other common law and statutory remedies for same purpose).

As well, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Although ordinarily challenges to the legality of a sentence fall within the ambit of the PCRA (*see* 42 Pa.C.S.A. § 9543(a)(2)(vii)), our Supreme Court has recognized a "limited class of cases amendable to the exercise by a trial court of the inherent power to correct patent errors despite the absence of traditional jurisdiction." *Commonwealth v. Holmes*, 593 Pa. 601, 615, 933 A.2d 57, 65 (2007). As this Court has explained:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.
>
> 42 Pa.C.S. § 5505. "Generally, 42 Pa.C.S. § 5505 precludes the entry of an order modifying a final order more than thirty days after its entry." *Commonwealth v. Concordia*, 97 A.3d 366, 371 (Pa.Super. 2014). Nonetheless, a trial court retains the inherent jurisdiction to correct obvious or patent errors in its orders, even if it is outside the standard 30-day

paradigm, when warranted. ***See id.*** "An alleged error must qualify as a clear clerical error or a patent and obvious mistake in order to be amenable to correction." ***Commonwealth v. Ellsworth***, 97 A.3d 1255, 1257 (Pa.Super. 2014) (citation omitted).

***Commonwealth v. Thompson***, 333 A.3d 461, 469 (Pa.Super. 2025) (quoting ***Commonwealth v. Blair***, 230 A.3d 1274, 1277 (Pa.Super. 2020)). "The question presented…regarding the power of courts to correct allegedly illegal sentencing orders absent jurisdiction pursuant to 42 Pa.C.S.A. § 5505 or the PCRA, is a question of law. Accordingly, our scope of review is plenary and our standard of review is *de novo*." ***Holmes, supra*** at 614, 933 A.2d at 65.

Further, our Supreme Court has instructed:

> This exception to the general rule of Section 5505 cannot expand to swallow the rule. In applying the exception…, **we note that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power.** Not all illegal sentences will be amenable to correction as patent errors. Moreover, the inherent power to correct errors does not extend to reconsideration of a court's exercise of sentencing discretion. A court may not vacate a sentencing order merely because it later considers a sentence too harsh or too lenient. The cases at bar are not cases where a court reconsidered the application of its sentencing discretion or its interpretation of a nuanced or ambiguous statutory provision. These cases involve clear errors in the imposition of sentences that were incompatible with the record…or black letter law[.]

***Holmes, supra*** at 617-18, 933 A.2d at 66-67 (emphasis added).

Instantly, Appellant insists his claim for relief falls outside of the PCRA. In evaluating Appellant's request for relief, the PCRA court stated:

> Here, no patent or obvious mistake occurred with respect to [Appellant's] sentencing order. …[T]he [c]ourt made clear during the plea and sentencing proceedings that it had no control over what might happen with any parole violation [Appellant] may receive. [Appellant], moreover, stated that he understood that he could suffer additional and further punishment as a result of a parole violation. Furthermore, the sentencing order comports with this [c]ourt's oral statement of [Appellant's] sentence. Perhaps most revealing, [Appellant] himself has…**admitted** that this [c]ourt "would not have had authority to impose a sentence here to run concurrently with a parole hit that had not yet been imposed, nor any authority over parole violations on an unrelated case"[.] **See** Response at 5. Simply put, no error occurred concerning [Appellant's] sentence.

> Accordingly, the Motion did not present a meritorious claim. There was nothing to correct. [Appellant] was not entitled to relief no matter how the [c]ourt characterized the Motion. The sentencing order reflected the sentence delivered by the [c]ourt, no clerical error occurred, and all parties acknowledge that the [c]ourt could not have imposed a sentence in these proceedings that would have been concurrent to a parole violation sentence that did not yet exist.

(Rule 1925(a) Opinion, filed 7/16/24, at 14-15) (emphasis in original). We agree with the court's analysis. Nothing in the sentencing order reveals any patent or obvious error to trigger the court's limited inherent power to correct a sentencing order in the absence of traditional jurisdiction. **See Holmes, supra**; **Thompson, supra**. As such, the court properly treated Appellant's prayer for relief under the PCRA. **See** 42 Pa.C.S.A. § 9542; **Peterkin, supra**.

Here, Appellant's judgment of sentence became final on December 5, 2021, upon expiration of the time for Appellant to file a petition for allowance of appeal with our Supreme Court. **See** Pa.R.A.P. 1113(a); 42 Pa.C.S.A. §

9545(b)(3). Appellant filed the current request for relief on January 3, 2023, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). In an effort to keep his claim for relief outside of the PCRA, Appellant does not allege any exception to the PCRA time-bar. Thus, the court properly denied relief.[4] Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/30/2025

_____

[4] Moreover, as the Commonwealth points out, sentences for crimes committed on parole must be served consecutively with the time remaining on the original sentence. **See** 61 Pa.C.S.A. § 6138(a)(5)(i) (stating if new sentence is imposed on parole offender, service of balance of term originally imposed by Pennsylvania court shall precede commencement of new term imposed if person is paroled from state correctional institution and new sentence imposed on person is to be served in state correctional institution). Because Appellant was on parole from a state correctional institution when he entered the guilty plea at issue for PWID, which resulted in a new state sentence, Section 6138(a)(5)(i) dictates the order in which Appellant was mandated to serve those sentences. As such, the trial court would have lacked authority to dictate whether Appellant's PWID sentence was to be served concurrently with or consecutively to Appellant's parole recommitment. **See id.**