J-S44006-24                    2025 PA Super 59

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ELIJAH THOMPSON :
:
Appellant : No. 2223 EDA 2023

Appeal from the Judgment of Sentence Entered July 24, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002059-2020

BEFORE: NICHOLS, J., MURRAY, J., and LANE, J.

OPINION BY NICHOLS, J.: **FILED MARCH 13, 2025**

Appellant Elijah Thompson appeals from the judgment of sentence imposed following his open guilty plea to aggravated assault, stalking, endangering the welfare of children (EWOC), and recklessly endangering another person (REAP).[1]  Appellant's current counsel (Current Counsel) has filed a petition to withdraw and an ***Anders/Santiago***[2] brief.[3]  After review,

_____

[1] 18 Pa.C.S. §§ 2702(a)(4), 2709.1(a)(1), 4304(a)(1), and 2705, respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[3] The instant appeal involves trial court docket 2059-2020 and was docketed at Superior Court docket 2223 EDA 2023.  We note that Appellant also filed appeals at trial court dockets 4181-2019, which was docketed at Superior Court docket 2224 EDA 2023, and 2060-2020, which was docketed at Superior Court docket 2226 EDA 2023.  The appeals at 2224 EDA 2023 and 2226 EDA 2023, will be addressed in separate memoranda.

we deny Current Counsel's petition to withdraw, vacate the judgment of sentence entered on September 5, 2023, and reinstate and affirm the original judgment of sentence entered on July 24, 2023 at docket 2059-2020.

The relevant facts and procedural history of this case are well known to the parties. Briefly, the record reflects that on January 24, 2023, Appellant entered an open guilty to aggravated assault, stalking, EWOC, and REAP. *See* N.T. Guilty Plea, 1/24/23, at 10-16. During the colloquy, the Commonwealth summarized the facts underlying this matter as follows:

> On July 7th, 2020, in Uwchlan Township, Chester County, [Appellant] engaged in a course of conduct which had the effect and purpose of placing Madeleine Devitis in fear of bodily injury and causing her substantial emotional distress; specifically, despite the fact that there was an active Protection from Abuse Order ordering [Appellant] not to have any contact with her, he did attempt to contact her repeatedly that day.
>
> And ultimately, [Appellant] drove up next to her while she was at. . . at a traffic light on Route 113 in Uwchlan Township, Chester County, [Appellant] tried to wave to her and get her attention, when she ignored him and didn't respond, he then drove his vehicle into the side of her vehicle.
>
> She then left that traffic light, she drove into a nearby parking lot. At that point, [Appellant] chased [her] in his vehicle into that parking lot and he chased her around that vehicle – around that parking lot in the vehicle recklessly. In doing so, he placed both Ms. Devitis, his young child who was in the car at that time, as well as other people in that parking lot at risk of serious bodily injury or death.
>
> * * *
>
> The parking lot where this happened is where the Chester Springs Limoncello Restaurant is located and there were people sitting out in that parking area outside dining.

During this entire interaction, [Appellant's] child, it is a child he shares with the victim, was in [Ms. Devitis's] vehicle at that time. And I believe at that point in time, the child was approximately one year[] old.

*Id.* at 10-11.

On July 24, 2023, the trial court sentenced Appellant to a term of three to ten years of incarceration for aggravated assault, one to five years of incarceration for stalking concurrent to the sentence imposed for aggravated assault, one to two years of incarceration for EWOC consecutive to the sentence for aggravated assault, and six months to two years of incarceration for REAP consecutive to the sentence for aggravated assault. *See* Sentencing Order, 7/24/23; *see also* N.T. Sentencing, 7/24/23, at 39. This resulted in an aggregate sentence of four and one-half to fourteen years of incarceration at 2059-2020. Appellant filed a post-sentence motion on August 1, 2023, which the trial court denied on August 16, 2023, and Appellant filed a timely appeal on August 23, 2023.[4] The trial court did not file an opinion pursuant to Pa.R.A.P. 1925(a).

_____

[4] Several attorneys represented Appellant from his guilty plea to the filing of the notice of appeal and the ***Anders/Santiago*** brief. After Appellant filed his notice of appeal, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, Appellant's counsel at the time, P.J. Redmond, Esq., was permitted to withdraw, and the trial court appointed Thomas P. McCabe, Esq., to represent Appellant. Attorney McCabe requested an extension of time to file the Rule 1925(b) statement, which the trial court granted. Ultimately, however, Attorney McCabe filed a notice of intent to file an ***Anders/Santiago*** brief pursuant to Pa.R.A.P. 1925(c)(4) on November 17, 2023, and the trial court did not file an opinion. Following Attorney McCabe's election to the Court of
*(Footnote Continued Next Page)*

In the ***Anders***/***Santiago*** brief, Current Counsel concluded that there were no non-frivolous issues. Current Counsel further notes that to the extent that Appellant seeks to challenge the discretionary aspects of his sentence, Appellant failed to properly preserve that issue, and that there is no viable claim that the trial court abused its discretion in sentencing Appellant. ***Anders***/***Santiago*** Brief at 10.

"When faced with a purported ***Anders***[/***Santiago***] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." ***Commonwealth v. Wimbush***, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant of the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an ***Anders***/***Santiago*** brief, counsel must set forth the issues that

---

Common Pleas of Chester County, the trial court appointed Scott J. Werner, Jr., Esq., to represent Appellant. Due to a conflict, the trial court next appointed Brian L. McCarthy, Esq. (Current Counsel), to represent Appellant on January 3, 2024. Current Counsel filed his petition for an extension of time to file a brief in this Court, and this Court granted Current Counsel an extension of time and ordered that Appellant's brief was due on or before May 3, 2024. Current Counsel ultimately concluded that there were no non-frivolous issues and filed an ***Anders***/***Santiago*** brief on May 2, 2024.

the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the requirements established in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Goodwin*, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Current Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, informing Appellant of his right to

proceed *pro se* or with private counsel, and supplying Appellant with a copy of the ***Anders***/***Santiago*** brief. ***See Goodwin***, 928 A.2d at 290. Current Counsel also provided this Court with a copy of his letter to Appellant informing him of his rights. Moreover, Current Counsel's ***Anders***/***Santiago*** brief complies with the requirements of ***Santiago***, and the brief includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. ***See Santiago***, 978 A.2d at 361. Accordingly, we conclude that Current Counsel has met the technical requirements of ***Anders*** and ***Santiago***, and we will proceed to address the issue identified in the ***Anders***/***Santiago*** brief.

In the ***Anders***/***Santiago*** brief, Current Counsel identifies an issue concerning whether the trial court imposed an excessive sentence by failing to consider mitigating factors. ***See Anders***/***Santiago*** Brief at 10, 14.

This issue implicates the discretionary aspects of Appellant's sentence. ***See, e.g.***, ***Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa. Super. 2008) (explaining that "[a] challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence" (citation omitted)). "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Instantly, although Appellant filed a post-sentence motion, the post-sentence motion read, in its entirety, as follows:

1. [Appellant] was sentenced to an aggregate 6-23 years with accurate credit for time served of a little more than 3 years. The sentence was for three different assault cases. Two were

- 7 -

after open guilty pleas, and the third was after verdict in a bench trial.

2. The [trial c]ourt imposed permissible (that is guideline-allowed) sentences in each of [the] 8 counts as to which a sentence could be imposed. [Appellant] accepts the [trial c]ourt's sentencing authority as to the minimums imposed and acknowledges its requirement that he be jailed for punitive reasons and too acknowledges that he was arrested on two cases while he was out on bail for the 1st one. [Appellant] accepts that he must serve a sentence and that the [trial c]ourt's selection of a state prison is proportionate to his criminal conduct.

3. [Appellant] thinks the maximums imposed are a little harsher than might have been necessary to deliver imposed [sic]. He offers no new evidence or information on which to argue the [trial c]ourt's sentences as imposed.

WHEREFORE, [Appellant] requests that [the trial court] consider his request in particular whether the [trial c]ourt might attain its purpose with a shorter potential maximum sentence.

Post-Sentence Mot., 8/1/23, at 1-2 (some formatting altered).

We note that Appellant filed identical post-sentence motions at three separate trial court dockets, and that Appellant has failed to specify which sentence he purported to challenge within these three dockets. Moreover, Appellant never alleged in these three identical motions that the trial court failed to consider mitigating factors when it imposed sentence in any of these cases. Accordingly, we agree with Current Counsel that Appellant failed to preserve his challenge to the discretionary aspects of his sentence on appeal,

and therefore, an appeal on this claim would be frivolous.[5] **See Malovich**, 903 A.2d at 1251; **see also** Pa.R.A.P. 302(a).

However, upon independent review, we observe that on September 5, 2023, the trial court purported to amend the sentence imposed on July 24, 2023, at trial court docket number 2059-2020. As noted, on July 24, 2023, the trial court sentenced Appellant to a term of three to ten years of incarceration for aggravated assault. However, the trial court did not specify whether this sentence was to run concurrently or consecutively to any of the sentences in the instant case or the other two dockets. **See** Sentencing Order,

_____

[5] We acknowledge that Current Counsel notes that although Appellant may possibly assert claims concerning prior counsel's ineffectiveness, such claims must generally wait for review under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. **See Anders/Santiago** Brief at 10. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (holding that, absent specified circumstances not applicable here, "claims of ineffective assistance of counsel are to be deferred to PCRA review"). Further, although the record reflects that Appellant was represented by counsel throughout the proceedings in both the trial court and this Court, Appellant filed *pro se* motions challenging, among other things, the stewardship of prior attorneys. **See** *Pro Se* Post-Sentence Mot., 8/14/23; *Pro Se* Correspondence, 9/27/23. However, Appellant's *pro se* filings are nullities because at all relevant times, Appellant was represented by counsel, and hybrid representation is not permitted. **See Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011) (there is no right to hybrid representation); **see also Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (providing that a *pro se* motion filed when a defendant is represented by counsel is a legal nullity; the appellant "had no right to file a *pro se* motion because he was represented by counsel" (citation omitted)). Further, Appellant did not file a response to Current Counsel's petition to withdraw as counsel. It is axiomatic that under these circumstances, any claims Appellant may have concerning ineffective assistance of counsel must be raised under the PCRA. **See Holmes**, 79 A.3d at 576.

7/24/23. Also, at docket number 2059-2020, the trial court imposed a sentence of one to five years of incarceration for stalking and ordered that this sentence was to run concurrently with the sentence imposed for aggravated assault. ***See id.*** Additionally at docket 2050-2020, the trial court sentenced Appellant to a term of one to two years of incarceration for EWOC and ordered that this sentence was to run consecutively to the sentence for aggravated assault. ***See id.*** Finally at docket 2059-2020, the trial court imposed a sentence of six months to two years of incarceration for REAP, which was to run consecutively to the sentence for aggravated assault. ***See id.*** The trial court imposed an aggregate sentence of four and one-half to fourteen years of incarceration at docket 2059-2020 on July, 24, 2023. ***See id***; ***see also*** N.T. Sentencing, 7/24/23, at 39.

Despite Appellant filing his notice of appeal on August 23, 2023, on September 5, 2023, the trial court purported to amend Appellant's sentence at docket 2059-2020, without a resentencing hearing and without Appellant being present; further, the trial court ordered the sentence for aggravated assault to run consecutively to the sentence imposed at docket 4181-2019. ***See*** Am. Sentencing Order, 9/5/23.

This Court has previously explained:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

- 10 -

42 Pa.C.S. § 5505. "Generally, 42 Pa.C.S. § 5505 precludes the entry of an order modifying a final order more than thirty days after its entry." ***Commonwealth v. Concordia***, 97 A.3d 366, 371 (Pa. Super. 2014). Nonetheless, a trial court retains the inherent jurisdiction to correct obvious or patent errors in its orders, even if it is outside the standard 30-day paradigm, when warranted. ***See id.*** "An alleged error must qualify as a clear clerical error or a patent and obvious mistake in order to be amenable to correction." ***Commonwealth v. Ellsworth***, 97 A.3d 1255, 1257 (Pa. Super. 2014) (citation omitted).

Even if there is a clear mistake, that does not relieve the court of its obligation to give notice as required by 42 Pa.C.S. § 5505 to both the defendant and the district attorney of the proposed changes and an opportunity to respond to those changes. Not only is such a notice required by 42 Pa.C.S. § 5505, the sentencing process must also satisfy due process, which similarly requires a notice and opportunity to respond. ***See Commonwealth v. Wright***, 494 A.2d 354, 359 (Pa. 1985); ***Commonwealth v. Eldred***, 207 A.3d 404 (Pa. Super. 2019).

It is in accord with those mandates that we have held that a trial court "is empowered to modify a sentence only if it notifies the defendant and the district attorney of its intention to do so." ***Commonwealth v. Hobson***, 452 A.2d 22, 23 (Pa. Super. 1982) (citing ***Commonwealth v. Horsman***, 361 A.2d 433 (Pa. Super. 1976)). Modification of a sentence without notifying the defendant is inconsistent with "the accused being present at every vital stage of the criminal process." ***Commonwealth. v. Pastorkovic***, 567 A.2d 1089, 1092 (Pa. Super. 1989). Moreover, if the sentence is modified without giving notice, it is without effect. ***See Commonwealth v. Reed***, 386 A.2d 41 (Pa. Super. 1978).

***Commonwealth v. Blair***, 230 A.3d 1274, 1277 (Pa. Super. 2020) (some formatting altered); ***see also Commonwealth v. Borrin***, 80 A.3d 1219, 1227 (Pa. 2013) (plurality) (holding that the trial court could not modify a sentencing order more than thirty days after it was entered to address whether a sentence was consecutive or concurrent); Pa.R.A.P. 1701(a)

(providing that "[e]xcept as otherwise prescribed by these rules, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter"); Pa.R.Crim.P. 602(A) (stating that "[t]he defendant shall be present at every stage of the trial including . . . at the imposition of sentence").[6]

Here, Appellant filed a timely notice appeal on August 23, 2023, prior to the entry of the September 5, 2023 amended judgment of sentence. Further, Appellant was not present nor notified that the trial court intended to modify his sentence, additionally we discern no patent or obvious error in the July 24, 2023 judgment of sentence that would be amenable for correction. On this record, we conclude that the trial court lacked jurisdiction to amend the July 24, 2023 judgment of sentence, and the September 5, 2023 judgment of sentence is a legal nullity of no effect. *See Blair*, 230 A.3d at 1277; *see also Borrin*, 80 A.3d at 1227; 42 Pa.C.S. § 5505; Pa.R.A.P. 1701(a).[7]

For these reasons, we vacate the September 5, 2023 amended sentence as a nullity, reinstate and affirm the July 24, 2023 judgment of sentence, and deny Current Counsel's motion to withdraw. Current Counsel shall remain counsel of record through the completion of Appellant's direct appeal process.

_____

[6] Although the right to be present at sentencing and the right to allocution may be waived, there is no indication that Appellant waived those rights in this case. *See Commonwealth v. Faulk*, 928 A.2d 1061, 1066 (Pa. Super. 2007) (regarding waiver of the right to be present); *Commonwealth v. Hardy*, 99 A.3d 577, 579 (Pa. Super. 2014) (regarding waiver of the right to allocution). As discussed, Appellant did not have notice of the trial court's intent to amend his sentence.

[7] We discern no additional non-frivolous issues following our independent review.

Current Counsel's petition to withdraw is denied. Amended judgment of sentence entered on September 5, 2023 is vacated. July 24, 2023 judgment of sentence at docket 2059-2020 is reinstated and affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/13/2025