J-A22040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAYNE EDWARD O'DAY | : | |
| | : | |
| Appellant | : | No. 152 WDA 2024 |

Appeal from the PCRA Order Entered December 28, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000585-2007

BEFORE: MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: April 10, 2025**

Appellant, Shayne Edward O'Day, appeals from the order entered in the Venango County Court of Common Pleas, which denied his petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On May 29, 2008, Appellant pled guilty to two counts of burglary and three counts of arson.  The only sentencing agreement was that the Commonwealth would recommend standard-range sentences.  At the sentencing hearing on July 25, 2008, the court imposed the following terms of imprisonment: at Count 2, burglary, 9 to 72 months' imprisonment; at Count 3, burglary, 9 to 72 months' imprisonment "to be computed from the expiration of the sentence imposed

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

at Count 2"; at Count 7, arson, 18 to 72 months' imprisonment, "to be computed from the expiration of the sentence in Count 3"; at Count 8, arson, probation for a period of 72 months; Count 9, arson, probation for a period of 72 months. (**See** N.T. Sentencing, 7/25/08, at 47-51). The court then clarified the sentence as follows, stating the sentence at Count 3 is intended to run consecutive to the sentence imposed at Count 2; the sentence at Count 7 is intended to run consecutive to that imposed at Count 3 and Count 2; the sentence imposed at Count 8 is intended to run consecutive to the sentence imposed at Counts 2, 3, and 7; the sentence at Count 9 is intended to run concurrent with the sentence imposed at Count 8. (**See id.** at 54).

Although the aggregate term of these sentences is 36 to 216 months' imprisonment, plus 72 months' probation (or 3 to 18 years' imprisonment, plus 6 years' probation), the court then stated: "The aggregate total of the sentence will be a minimum of 36 months to a maximum of **72 months** followed by 72 months' probation." (**Id.**) (emphasis added). The court went on to state:

> [Appellant], you got **12 years** you are under supervision one way or another. You have **12 years** to get this—your life straightened around and **12 years** in which to try to pay back the victims of this case. I gave you two probationary sentences. I specifically made them concurrent, at the same time, for a very specific reason, because if you violate them the court can revoke both of them and can sentence on both of them, which could be a maximum of 40 years. So you have a pretty heavy hammer hanging over you to make sure you comply with all the conditions, okay?

(**Id.** at 55) (emphasis added). Neither Appellant nor the Commonwealth

objected to the sentence imposed at the conclusion of the sentencing hearing. (**See id.** at 55-56).

That same day, the court entered a written sentencing order. That order states that Appellant is sentenced as follows: at Count 2, burglary, 9 to 72 months' imprisonment; at Count 3, burglary, 9 to 72 months' imprisonment "to be computed from the expiration of the sentence imposed hereinabove at Count 2"; at Count 7, arson, 18 to 72 months' imprisonment "to be computed from the expiration of the sentence imposed hereinabove at Count 3"; at Count 8, arson, 72 months' probation "commencing upon expiration of the sentence imposed hereinabove at Count 7"; at Count 9, arson, 72 months' probation "commencing upon the expiration of the sentence imposed hereinabove at Count 7, this sentence is intended to run concurrent with the sentence imposed hereinabove at Count 8[.]" (Order, 7/25/08, at 1-4).

The order clarifies that the sentence imposed at Count 3 is intended to run consecutive and not concurrent with the sentence at Count 2; the sentence imposed at Count 7 is intended to run consecutive and not concurrent with the sentences at Count 2 and Count 3; the sentence at Count 8 is intended to run consecutive to and not concurrent with the sentence imposed at Count 2, 3, and 7; the sentence at Count 9 is intended to run concurrent with and not consecutive to the sentence imposed at Count 8. (**See id.** at 7-8). The court then stated: "The aggregate total of the sentence imposed herein is a minimum of 36 months to a maximum of 72 months,

followed by 72 months consecutive probation." (*Id.* at 8). Once again, the court's stated aggregate sentence was inconsistent with the court's prior breakdown of the individual sentences for a maximum of 18 years' imprisonment. Neither party filed post-sentence motions from the sentence.

The next relevant docket entry is on February 25, 2009, docketed as "Order Granting Motion To Correct Sentence." Nevertheless, there is no docket entry or motion in the certified record asking for that relief. Nevertheless, the record indicates that the court entered an order on February 25, 2009 stating: "[T]he sentence announced in open court on July 25, 2008, stated an aggregate total sentence of 36 months to 72 months, followed by 72 months consecutive probation. It should state an aggregate total sentence of 3 years to 18 years, followed by 72 months consecutive probation." (Order, 2/25/09, at 1).[2]

The record indicates that Appellant was paroled on or around February

_____

[2] The February 25, 2009 sentencing order was not originally included in the certified record but upon inquiry from this Court, we were able to obtain it and have it certified as a supplemental record. The record indicates that "[Appellant's] sentence was amended without the benefit of the sentence hearing transcript. The court relied on the erroneous language of the Sentence Order seven (7) months after the fact." (PCRA Court Opinion, filed 4/17/23, at 1-2). This same opinion also indicates that following the court's February 25, 2009 sentence, Appellant filed various motions *pro se* to correct the sentence to reflect an aggregate term of 3 to 6 years' imprisonment plus 6 years' probation. The court states that it did not consider those motions because Appellant was represented by counsel at the time, but the court forwarded the motions to counsel of record. (*See id.* at 2-3). Appellant's *pro se* motions are not included in the certified record before us.

- 4 -

22, 2011. On May 10, 2016, the Commonwealth filed a motion to revoke Appellant's supervision. According to the notice of charges (attached as Exhibit "B" to the Commonwealth's motion), Appellant was serving a sentence of 3 to 18 years' imprisonment. The notice of charges states that Appellant incurred several violations of his supervision in 2015 and 2016.

On May 12, 2016, the court entered an order stating that, following a hearing, Appellant admitted to violating the terms of his supervision in various ways. (Order, 5/12/16, at 1). On August 9, 2016, Appellant appeared for a revocation/resentencing hearing. At the conclusion of the hearing, the court revoked Appellant's probation on Count 8, arson, and on Count 9, arson.[3] The court imposed a term of 1 to 6 years' imprisonment for each count, consecutive to each other, for an aggregate term of 2 to 12 years' imprisonment, but concurrent to any other sentence Appellant was then serving. (*See* N.T. Hearing, 8/9/16, at 22-23).

On May 5, 2021, Appellant filed a *pro se* PCRA petition. In it, Appellant

---

[3] Based on the court's 2009 sentence, it appears the court anticipatorily revoked Appellant's probation, as Appellant would still have been on parole at the time he committed the violations. This practice of anticipatorily revoking probation has now been declared illegal in **Commonwealth v. Simmons**, 262 A.3d 512 (Pa.Super. 2021) (*en banc*) (holding that sentence imposed following anticipatory probation revocation is illegal sentence). **See also Commonwealth v. Rosario**, ___ Pa. ___, 294 A.3d 338 (2023) (holding as matter of first impression that anticipatory revocation of probation sentence that has yet to start is illegal, representing significant change in sentencing practice). We discuss the applicability of these cases to the facts before us **infra**.

purported to challenge the legality of the amended February 25, 2009 aggregate sentence of 3 to 18 years' imprisonment. Appellant alleged that the transcript of the sentencing proceeding made clear that Appellant was supposed to receive only 3 to 6 years' imprisonment. Appellant alleged his PCRA petition was timely under the newly-discovered facts exception to the PCRA time bar, claiming that the audio recording of his July 25, 2008 sentencing demonstrates that the court's intent was to impose an aggregate term of 3 to 6 years' imprisonment. Appellant asserted that he exercised due diligence in attempting to obtain the audio recording, which Appellant alleged was at odds with the written sentencing transcript. Appellant admitted, however, that he still had not obtained the audio recording of his sentencing hearing. Appellant maintained the audio recording was easily accessible to the court.

On May 11, 2021, the court appointed PCRA counsel for Appellant. The court held a PCRA hearing on January 26, 2023. By order and opinion dated April 14, 2023 and filed April 17, 2023, the court explained that it would exercise jurisdiction to correct Appellant's sentence based on a patent and obvious error. Specifically, the court concluded that based on the trial court's remarks at the sentencing hearing that Appellant's aggregate sentence was 36 to 72 months' imprisonment followed by 72 months' probation, coupled with the court's remarks about a total of 12 years of supervision, the court's "language clearly indicates" that the total maximum aggregate term of

imprisonment was meant to be 6 years, not 18 years. (*See* PCRA Court Opinion, filed 4/17/23, at 4-5). Consequently, the PCRA court stated that "the patent and obvious mistake of enlarging the sentence maximum from six (6) to eighteen (18) years grants this court inherent power to correct the mistakes despite the absence of traditional jurisdiction." (*Id.* at 6). The court explained that while it lacked traditional jurisdiction to modify the sentence under 42 Pa.C.S.A. § 5505 or the parameters of the PCRA, it retained jurisdiction to correct the patent and obvious error in the court's amended February 25, 2009 sentencing order. The court concluded: "Therefore, [Appellant's] sentence shall be modified to reinstate the aggregate sentence set forth in the July 25, 2008 Sentence Order." (*Id.* at 7).[4]

On June 22, 2023, Appellant filed another PCRA petition. Appellant argued that based on the court's April 17, 2023 order, Appellant's aggregate sentence was only 36 to 72 months' imprisonment. Thus, Appellant claimed that his sentence would have concluded on July 25, 2014, which would render the revocation sentence imposed on August 9, 2016 illegal.

The court held a PCRA hearing on October 5, 2023. On December 28, 2023, the court denied PCRA relief. The court explained that its order filed April 17, 2023 merely reinstated the original sentencing order of July 25,

---

[4] The court also noted that the audio recording of Appellant's sentencing transcript had been destroyed pursuant to Pennsylvania Administrative Code, 204 Pa.Code § 213.51, "which permits destruction of media of this kind within seven (7) years from the date of testimony." (*Id.* at 4).

2008, which subjected Appellant to an aggregate term of 36 to 72 months' imprisonment, plus 72 months' probation. Thus, the court concluded that Appellant's claim that his sentence had expired in 2014 was meritless. (*See* PCRA Court Opinion, filed 12/28/23, at 3). Further, the court stated that Appellant would have been serving the probationary portion of his sentence when he violated the terms of his supervision and had his probation revoked in 2016; therefore, the revocation sentence was also legal. (*See id.*)

Appellant timely filed a notice of appeal on January 29, 2024. On January 30, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). On February 14, 2024, the court removed appointed appellate counsel of record based on Appellant's hiring of private counsel for appeal. By the same order, the court instructed new private counsel to file a Rule 1925(b) statement by March 6, 2024, and Appellant complied.

Appellant raises three issues for our review:

> Was it error to deny [Appellant] relief on his June [22], 2023 PCRA Petition, because [Appellant] had already discharged his amended sentence (handed down on April 14, 2023) in 2014, prior to the date of his 2016 revocation?

> Was it error, in the form of a double jeopardy violation, to reinterpret the plain text of the amended sentence of April 14, 2023, in a manner detrimental to [Appellant], by imputing a probationary tail onto the sentence?

> Is [Appellant's] 2016 sentence following the revocation of his probation illegal because under the provisions of the 2009 modified sentencing order in effect at the time, his

period of probation had not yet begun in 2016 at the time he committed his violation?

(Appellant's Brief at 2-3).

For purposes of disposition, we combine Appellant's issues. Appellant argues that the sentencing order dated April 14, 2023 indicated that Appellant's aggregate sentence was 36 to 72 months' imprisonment. Appellant emphasizes that the court did not impose a probationary tail in this sentencing order. Appellant concedes that the original 2008 sentencing order included a probationary tail. Nevertheless, Appellant stresses that the April 14, 2023 order did not include a probationary tail. Appellant asserts that notwithstanding the court's stated intent, the language of the April 14, 2023 order is controlling. Appellant highlights that the Commonwealth did not file a post-sentence motion or appeal from the April 14, 2023 sentence. Under the unambiguous terms of the April 14, 2023 sentence, Appellant avers that the revocation of his probation and resentencing in 2016 was illegal because he could not have committed a violation of probation where he was not subject to probation.

Appellant further insists that any deviation from the plain language of the April 14, 2023 sentence and its explicit terms of an aggregate 36 to 72 month aggregate sentence constitutes a double jeopardy violation.[5] Appellant

_____

[5] Appellant acknowledges that he did not raise a double jeopardy claim in his Rule 1925(b) statement. Appellant contends, however, that his claim is non-

*(Footnote Continued Next Page)*

reiterates that the Commonwealth did not file post-sentence motions or an appeal from that sentencing order. Appellant posits that he was entitled to an expectation of finality regarding this sentence. Appellant proclaims that he should be permitted to rely on the plain language of the April 14, 2023 sentence without being subject to further detrimental modification of the sentence.

In the alternative, Appellant argues that the February 25, 2009 order modifying the original sentence had the effect of lengthening Appellant's maximum sentence to 18 years' imprisonment. Appellant submits that this order was in effect from February 25, 2009 until April 14, 2023. Appellant maintains that this was the operative order when Appellant's 2016 probation revocation took place. Appellant claims that if the February 25, 2009 order was in effect in 2016, Appellant could not have violated the terms of his probation and been subject to probation revocation, because his parole would have continued well past 2016. For all of these reasons, Appellant concludes that his revocation sentence of 2 to 12 years' imprisonment is illegal as a result of the April 2023 sentence, and this Court must grant relief. We disagree.

"Our standard of review of [an] order granting or denying relief under

---

waivable, as it is the sort of claim pertaining to a challenge to the legality of the sentence. (*See* Appellant's Brief at 11 n.2). Based on our disposition, we need not decide whether Appellant waived his double jeopardy challenge.

the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Parker*, 249 A.3d 590, 594 (Pa.Super. 2021) (quoting *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa.Super. 2013)). "The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*." *Commonwealth v. Prater*, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021).

"The question of whether a trial court has the authority to correct an alleged sentencing error poses a pure question of law. Accordingly, our scope of review is plenary and our standard of review is *de novo*." *Commonwealth v. Kremer*, 206 A.3d 543, 547-48 (Pa.Super. 2019) (internal citations and quotation marks omitted). This Court has explained:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.
>
> 42 Pa.C.S. § 5505. "Generally, 42 Pa.C.S. § 5505 precludes the entry of an order modifying a final order more than thirty days after its entry." *Commonwealth v. Concordia*, 97 A.3d 366, 371 (Pa.Super. 2014). Nonetheless, a trial court retains the inherent jurisdiction to correct obvious or patent errors in its orders, even if it is outside the standard 30-day paradigm, when warranted. *See id.* "An alleged error must qualify as a clear clerical error or a patent and obvious mistake in order to be amenable to correction." *Commonwealth v. Ellsworth*, 97 A.3d 1255, 1257 (Pa.Super. 2014) (citation omitted).

- 11 -

*Commonwealth v. Thompson*, ___ A.3d. ___, 2025 PA Super 59, 2025 WL 798143, at *5 (Pa.Super. filed Mar. 13, 2025) (quoting *Commonwealth v. Blair*, 230 A.3d 1274, 1277 (Pa.Super. 2020)). "This exception to the general rule of Section 5505 cannot expand to swallow the rule. Thus, the court's inherent authority to correct patent errors is a limited judicial power." *Kremer, supra* at 548 (internal citation and quotation marks omitted).

Thus, our Supreme Court has instructed:

> In applying the exception…, we note that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power. Not all illegal sentences will be amenable to correction as patent errors. Moreover, the inherent power to correct errors does not extend to reconsideration of a court's exercise of sentencing discretion. A court may not vacate a sentencing order merely because it later considers a sentence too harsh or too lenient. The cases at bar are not cases where a court reconsidered the application of its sentencing discretion or its interpretation of a nuanced or ambiguous statutory provision. These cases involve clear errors in the imposition of sentences that were incompatible with the record…or black letter law[.]

*Commonwealth v. Holmes*, 593 Pa. 601, 617-18, 933 A.2d 57, 66-67 (2007) (holding that courts retain power to correct illegal sentencing orders despite absence of traditional jurisdiction under Section 5505 or PCRA if sentencing error is patent).

Instantly, the PCRA court reasoned:

> [Appellant] asserts that his sentence should have concluded on July 25, 2014. Therefore, [Appellant] asserts that the revocation that took place on May 12, 2016 was improper and the sentence imposed on August 9, 2016 as a result was illegal. The [c]ourt finds this argument meritless. The

initial sentence order subjected [Appellant] to thirty-six (36) months minimum to seventy-two (72) months maximum imprisonment, followed by seventy-two (72) months of probation. [Appellant] is correct that the incarceration portion of his sentence concluded on July 24, 2014, but his sentence imposed an additional seventy-two (72) months of probation which would conclude on July 25, 2020. [Appellant] was serving his consecutive probationary sentence in 2016 when he violated the terms of probation. Therefore, [Appellant's] revocation on May 12, 2016 and resentencing on August 28, 2016 was legal.

(PCRA Court Opinion, filed 12/28/23, at 3).

We agree with the court's analysis. Here, the record discloses that the initial sentencing orders (both oral at the sentencing hearing and the written order that followed) were internally inconsistent as they provided individual terms of imprisonment that when imposed consecutively totaled an aggregate term of 36 to 216 months' imprisonment (or 3 to 18 years' imprisonment), plus 72 months (or 6 years) of probation. Nevertheless, both sentencing orders also expressly stated that the aggregate term of imprisonment was supposed to be only 36 to 72 months' imprisonment (or 3 to 6 years), followed by 72 months (or 6 years) of probation. Significantly, the aggregate total of 6 years' imprisonment plus 6 years' probation aligns with the court's repeated on-the-record remarks at sentencing, providing that Appellant would be subject to 12 years of supervision. (**See** N.T. Sentencing, 7/25/08, at 55).

On February 25, 2009, apparently without the benefit of the sentencing transcript, the trial court sought to correct Appellant's sentence to reflect an aggregate term of 3 to 18 years' imprisonment, plus 6 years' probation, based

only on the written sentencing order. As stated, the written sentencing order itself was internally inconsistent.

Following the filing of Appellant's first PCRA petition, the court entered the order dated April 14, 2023, and filed on April 17, 2023, that corrected the patent and obvious mistake of the February 25, 2009 sentencing order (which was wholly at odds with the sentencing transcript), and also corrected the inconsistency in the original oral and written sentencing orders, which had suggested an aggregate maximum term of 18 years' imprisonment (which was wholly at odds with the court's remarks at sentencing and the stated aggregate term of imprisonment set forth in both the oral and written sentencing orders). Because these mistakes were both patent and obvious on the face of the record by even a casual reading of these orders, the PCRA court had jurisdiction to enter the April 2023 order correcting Appellant's sentence to reflect an aggregate term of 3 to 6 years' imprisonment, plus 6 years' probation. **See Holmes, supra**; **Thompson, supra**; **Kremer, supra**.

Although Appellant complains in his current PCRA petition[6] and on appeal that the April 2023 order imposed no probationary tail, Appellant's arguments are based on a misreading of the record. The court's opinion

_____

[6] The Commonwealth suggests on appeal that Appellant's current PCRA petition is time-barred. However, as Appellant notes, he filed his current PCRA petition on June 22, 2023, within one year of the court's April 17, 2023 order correcting his sentence. Thus, we agree with Appellant that his current PCRA petition is timely filed. **See** 42 Pa.C.S.A. § 9545(b)(1).

clearly states: "The sentence announced in open court on July 25, 2008 stated an aggregate total sentence of thirty six (36) to seventy two (72) months **followed by seventy two (72) months of probation**." (PCRA Court Opinion, filed 4/17/23, at 5) (emphasis added). The court goes on to recite the trial court's on-the-record remarks about 12 years of total supervision, and again states that this "language clearly indicates that the total maximum imprisonment of six (6) years **plus another six (6) years of probation** results in [Appellant] being under supervision for a total of twelve (12) years[.]" (*Id.*) (emphasis added) (quoting N.T. Sentencing Hearing, 7/25/08, at 55). Thus, the court concludes that it is correcting Appellant's sentence to reflect and reinstate the aggregate sentence set forth in the July 25, 2008 sentencing order. (*Id.* at 7).

Therefore, Appellant's claim that the court amended his sentencing order to omit a probationary tail is simply belied by the record.[7] Further, as the PCRA court properly recognized, based on the corrected sentencing order of an aggregate term of 3 to 6 years' imprisonment, plus 6 years' probation, Appellant would have been serving the probationary portion of his sentence when he violated the terms of his supervision and was resentenced based on

---

[7] Consequently, even if not waived, Appellant's double jeopardy claim would merit no relief because it is based on a misreading of the record.

the revocation of probation in 2016.[8]  Thus, Appellant's 2016 revocation sentence is legal under the April 2023 sentencing order, and the PCRA court properly denied relief.  *See Parker, supra*.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/10/2025

_____

[8] Thus, to the extent the court may have been operating under the 2009 sentencing order and seemingly anticipatorily revoked Appellant's probation in violation of *Simmons*, no such violation actually took place where the 2009 sentencing order was erroneously entered.  *See Rosario, supra*; *Simmons, supra*.